# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

        **vs.**                      **CASE NO: 8:21-cr-91-VMC-SPF**

**BERNARDO JOSE ROJAS**

### DEFENDANT BERNARDO JOSE ROJAS'
### SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

Defendant, Mr. Bernardo Jose Rojas, ("Mr. Rojas") by and through counsel, hereby files this Sentencing Memorandum in advance of his sentencing scheduled for December 7, 2021, at 2:30 p.m., and respectfully moves for a variance from the United States Sentencing Guidelines. Mr. Rojas pleaded guilty to Count One of the Indictment, charging conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and five kilograms or more of cocaine, subject to the jurisdiction on the United States, in violation of 46 U.S.C. §§ 7503(a), 70506(a) and (b); 21 U.S.C. § 960 (b)(1)(B)(ii) and (b)(1)(G).

## I.      PERSONAL BACKGROUND AND RELEVANT HISTORY

Mr. Rojas is a citizen of Costa Rica. He is thirty-six years old; he was born on December 27, 1984, in Punta Arenas, Costa Rica to his loving mother, Maria Eugenia Rojas-Rojas, who raised Mr. Rojas as a single mother. Mr. Rojas had a close relationship with his mother up until she died of lung disease in 2019. Mr. Rojas also has a close relationship with his three maternal half-siblings living in

1

Costa Rica, Celenia Rojas-Rojas, Julisa Caballero Rojas, and Suri Rojas-Rojas. Mr. Rojas' sisters remain supportive of him. Mr. Rojas did not graduate high school. Mr. Rojas has been in a relationship with his partner, Marilin Elizoto since 2014. Ms. Elizoto sells food from her house; however, she recently had COVID-19 and was unable to work. Although Mr. Rojas does not have any children with his partner, Mr. Rojas has helped raise Ms. Elizoto's children, now eleven and fifteen years old. Prior to his arrest, the defendant worked in the construction industry and as a fisherman. Mr. Rojas used his income from his work to provide for his family. The pandemic, however, has severely affected Mr. Rojas's employment and contributed to his financial struggles.

The defendant's physical health is best described as "fair," as he suffers from gastritis.

On or about February 22, 2021 the defendant was arrested and detained. [ECF Nos. 1, 5] . On September 1, 2021, the defendant pleaded guilty. [ECF No. 33] On September 2, 2021, this Honorable Court accepted the defendant's guilty plea. [ECF No. 42]

## II.    SENTENCING GUIDELINES

The PSR, applying the United States Sentencing Guidelines Manual calculations, calculated Mr. Rojas' total offense level of 27, resulting in an advisory range of 70–87 months of incarceration. Mr. Rojas' criminal history category is I. He received a two-level reduction for acceptance of responsibility, and a one-level

2

reduction for acceptance of responsibility by timely notifying authorities of his intention to enter a plea of guilty.

### III.   MOTION FOR VARIANCE

Mr. Rojas respectfully requests that this Honorable Court impose a sentence below his advisory guidelines range. In considering a variance in this case, counsel requests that this Honorable Court especially consider:   (1) Mr. Rojas' cooperation and truthfulness regarding his role in the instance offense; and (2) his position as the provider for his family in light of the severe financial impacts on Mr. Rojas, including the lack of work and government aid in Costa Rica, caused by the pandemic. As this Honorable Court is aware, a United States District Court is no longer limited by the guidelines since the guideline matrix is merely considered advisory. United States v. Booker, 543 U.S. 220, 245–267 (2005).  The United States Supreme Court in *Booker* gave judges the flexibility to use the sentencing range produced by the Guidelines as a "starting point" or "initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

Moreover, in United States v. Talley, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-*Booker,* advisory Sentencing Guidelines era.  "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." Id. at 786.  Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense,

3

to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. See also 18 U.S.C. §3553(a). "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

In the immediate case, Mr. Rojas cooperated in the investigation and was truthful in his discussions with law enforcement. He took responsibility for his actions and pleaded guilty to Count One of the Indictment. Also, it is appropriate, and counsel for Mr. Rojas requests, a downward variance pursuant to the defendant's family ties and responsibilities. Mr. Rojas is the major financial source of income for his family, and since his arrest their quality of life and emotional health has suffered due to their loss of his income, especially in light of Ms. Elizoto's struggle with the COVID-19 virus. A lengthy sentence of imprisonment will cause a substantial, direct, and specific loss of essential financial support to his family.

## IV.    CONCLUSION

Mr. Rojas respectfully requests that this Honorable Court grant his motion for a variance. Based on the circumstances set forth above, it is respectfully suggested that this Honorable Court impose a sentence below the sentencing guidelines ranges.

DATED this 1st day of December, 2021.

Respectfully submitted,

*/s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
rc@attorneyrebeccacastaneda.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on December 1, 2021, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to the Assistant United States Attorney of record.

By:     */s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
rc@attorneyrebeccacastaneda.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703

6